Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,233-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

CARL E. SMITH                               Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2020552F

Honorable John Clay Hamilton, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

PENNY WISE DOUCIERE                   Counsel for Appellee
District Attorney

CAROLINE E. HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This criminal appeal arises from the Fifth Judicial District Court, Parish of Franklin, the Honorable John Clay Hamilton presiding. Defendant, Carl E. Smith, pled guilty to two counts of forcible rape. He was sentenced to 40 years' imprisonment at hard labor on each count, to be served consecutively. Smith now appeals his sentences as excessive. For the following reasons, Smith's convictions are affirmed, his sentences are vacated, and this case is remanded to the trial court with instructions.

## FACTS AND PROCEDURAL BACKGROUND

On December 18, 2020, Smith was charged by bill of indictment with four counts of first-degree rape, in violation of La. R.S. 14:42(A)(4).[1] Smith was alleged to have raped a minor under the age of 13 at the time of the offenses. Each count covered a one-year period of time. The date ranges for the offenses are on or about: (1) count one: February 22, 1995-February 22, 1996; (2) count two: February 22, 1996-February 22, 1997; (3) count three: February 22, 1997-February 22, 1998; and (4) count four: February 22, 1998-February 22, 1999.[2] The victim was born in 1986. Smith initially pled not guilty.

On March 29, 2022, the state amended the first two counts of the indictment in open court charging Smith instead with two counts of forcible rape, in violation of La. R.S. 14:42.1[3]. On that same date, Smith entered guilty pleas to the two amended counts in accordance with a written plea

---

[1] In 2015, the legislature changed the name of the offense from "aggravated rape," to "first degree rape." The applicable elements of the offense remained the same.

[2] The victim did not report the crimes to law enforcement until 2020, first because she was a child, and later due to her belief that the statute of limitations had expired.

[3] Forcible rape is now called "second degree rape."

agreement. The plea agreement stated that the remaining counts would be dismissed and Smith's sentences were to run consecutively with a sentencing range of 10-80 years. Smith was advised of his right to a jury trial, his right to confront the witnesses against him, and his Fifth Amendment rights.[4] The remaining two counts were dismissed and the trial court ordered a presentencing investigation report ("PSI")[5].

On June 1, 2022, a sentencing hearing was held. The trial court considered the factors found in La. C. Cr. P. art. 894.1 finding that: (1) Smith's conduct manifested deliberate cruelty to the victim; (2) he knew the victim was particularly vulnerable due to her extreme youth; (3) he used his position as a relative to the minor victim to facilitate the commission of his offenses; (4) he knowingly committed great bodily harm to the victim; (5) he used sexual and physical violence to commit his offenses; (6) his offenses caused significant and permanent harm to the victim and her child; (7) there are no grounds that excuse or justify Smith's conduct; and (8) it is impossible for Smith to ever compensate the victim for the damage he caused.

The trial court relayed some of the information found in Smith's PSI, including that Smith was arrested and charged with the 2018 domestic abuse battery of his wife and the mother of his two young children, to which he later pled guilty to disturbing the peace by fighting. The trial court stated that his wife informed the investigating officer who prepared the PSI that Smith is "an amazing man," "a Godly man," and that he is a good father to

---

[4] The factual basis for the plea established that Smith raped a minor family member and that a child was conceived and born as a result. The investigative report was offered under seal in support thereof.

[5] The PSI was offered under seal.

2

the children they have together. The trial court found the wife's statements disingenuous, given Smith's arrest for domestic abuse battery. The trial court found that Smith needed correctional treatment and, given the nature of his offenses, a lesser sentence would "significantly deprecate the extreme brutal and unspeakable seriousness of this particular crime." The trial court stated that Smith's offenses against the victim here were not isolated but occurred continuously over a period of years.

The trial court noted that at the time Smith committed the offenses, the sentencing range for the crime of forcible rape was imprisonment at hard labor for not less than 5 nor more than 40 years with at least 2 years to be served without benefits. The court then sentenced Smith to the maximum term of 40 years at hard labor on each count and ordered the sentences to run consecutively, for a total term of 80 years. The trial court did not state which part of Smith's sentences were required to be served without benefits. Smith objected to the sentences. He was advised of his post-conviction relief time limits and signed his sex offender registration notice, a copy of which appears in the record.

On June 29, 2022, Smith filed a motion to reconsider his sentences, arguing that the trial court did not give proper weight to his wife's statements regarding his positive character, that he provides for their family, and that the events in this case took place years before. The trial court denied the motion without a hearing on July 29, 2022. Smith now appeals.

**DISCUSSION**

Smith's sole assignment of error is that his consecutive 40-year sentences are excessive. As we are vacating Smith's sentences and

remanding his case to the trial court for resentencing, we will not address his assignment of error about excessive sentences as it is now moot.

*Error Patent Review*

There is an error patent on the record, as the trial court failed to impose determinate sentences when it did not specify the number of years of Smith's sentences that are to be served without benefits. A trial court is required to impose a determinate sentence. La. C. Cr. P. art. 879; *State v. Lewis*, 51,672 (La. App. 2 Cir. 11/15/17), 245 So. 3d 233. The sentencing provision for forcible rape requires that at least two years of the sentence be served without probation, parole, or suspension of sentence. La. R.S. 14:42.1. This requires the trial judge to select and set a specific, determined term for the restriction of benefits. *State v. Lewis, supra.* As that was not done in this case, we vacate the two sentences for forcible rape and remand this case to the trial court for resentencing.

We also observe a second error patent as the minutes do not reflect that Smith was provided with written notice of his sex offender registration requirement as mandated by La. R.S. 15:543. The sentencing transcript shows that he received written notification of the registration requirement, and a copy of the written registration appears in the record. On remand, the trial court shall correct the minutes to reflect that Smith received his written sex offender registration notification.

## CONCLUSION

For the foregoing reasons, we affirm defendant's convictions, vacate his sentences and remand his case to the trial court for resentencing. We also remand with instructions for the trial court to correct the minute entry showing that defendant received his sex offender registration notification.

4

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.**